12-2200-cv
Naugler v. Air Line Pilots Ass'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT:   RAYMOND J. LOHIER, JR.,
                        SUSAN L. CARNEY,
                                *Circuit Judges*,
                        J. PAUL OETKEN,
                                *District Judge.*[*]
_____

DEREK ALEN *et al.*,

                        *Plaintiffs*,

SETH NAUGLER *et al.*,

                        *Plaintiffs-Appellants*,

                v.                                                                12-2200-cv

US AIRWAYS, INC. *et al.*,

                        *Defendants*,

AIR LINE PILOTS ASSOCIATION,

_____

[*] The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

INTERNATIONAL, DUANE E. WOERTH, as
President of Air Line Pilots Association,
International,

                    *Defendants-Appellees.*\**

_____

FOR APPELLANTS:                    MICHAEL S. HABER, Law Office of
                                   Michael S. Haber, New York, NY.

FOR APPELLEES:                     MICHAEL E. ABRAM (Joshua J. Ellison,
                                   Cohen, Weiss and Simon LLP, New
                                   York, NY and Clay Warner, Air Line
                                   Pilots Association, International,
                                   Herndon, VA, *on the brief*), Cohen,
                                   Weiss and Simon LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-appellants appeal from a judgment of the District Court entered April 12,

2012, granting summary judgment to defendants-appellees.   Plaintiffs-appellants argue on

appeal that the District Court erred by granting summary judgment because genuine

disputes of material fact exist with regard to whether defendant Air Line Pilots

Association, International ("ALPA") breached its duty of fair representation to

plaintiffs-appellants.   We assume the parties' familiarity with the facts and record of the

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review an order granting summary judgment de novo, drawing all factual

_____

\** This Order relates to the appellants as listed in the notice of appeal.

inferences in favor of the non-moving party." Viacom Int'l, Inc. v. YouTube, Inc., 676 F.3d 19, 30 (2d Cir. 2012). Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also review de novo the District Court's conclusion that the case is ripe for review. Connecticut v. Duncan, 612 F.3d 107, 112 (2d Cir. 2010).

I.      Ripeness

Appellees argue that this case is not ripe because the arbitration award has not yet been, and may never be, implemented through the ratification of a collective bargaining agreement. The District Court appears to have concluded that the case was ripe because the statute of limitations had started to run. The District Court was correct that the case is ripe, but not necessarily because the statute of limitations had started to run. Appellants' claim ripened when ALPA took the position during the arbitration that MidAtlantic Airways pilots had not been recalled to the mainline, and in so doing, is alleged to have acted against appellants' interests. See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004). The outcome of the final negotiations in this case is irrelevant. At the time suit was filed ALPA's involvement in the negotiations was complete, its position and strategy were clear, and it no longer had the ability to remedy the alleged harm inflicted on appellants. The duty of fair representation issue at the heart of this litigation is therefore "purely legal," and it would not benefit from further factual development. Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581 (1985).

## II.    Duty of Fair Representation

Having determined that the issue of the appellees' alleged breach of the duty of fair representation is ripe for our review, we now turn to the merits.    A union breaches its duty to fairly represent its members if its conduct is "arbitrary, discriminatory, or in bad faith," and if there is "a causal connection between the union's wrongful conduct and their injuries."   Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) (quotation marks omitted).   A court's examination of a union's representation "must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities."   Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 78 (1991).

The District Court correctly concluded that ALPA did not breach its duty of fair representation to its members.   Construing all facts in the light most favorable to appellants, the record is devoid of evidence that ALPA's conduct was arbitrary, discriminatory, or taken in bad faith.   Accordingly, we need not reach the causation issue.

We have considered appellants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4